IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

XL SPECIALTY COMPANY, as subrogee of L J AIR, INC., )
)
)
Plaintiff, )
)
v. ) No. 06 C 2299
)
VILLAGE OF SCHAUMBURG, a municipal corporation, )
)
)
Defendant. )

MEMORANDUM OPINION AND ORDER REGARDING
PLAINTIFFS' MOTION FOR REMAND

JAMES F. HOLDERMAN, Chief Judge:

Plaintiff XL Specialty Company ("XL Specialty"), filed a complaint on March 28, 2006 in the Circuit Court of Cook County, alleging negligence against defendant Village of Schaumburg ("Schaumburg"). On April 25, 2006, Schaumburg timely removed the case to federal district court. XL Specialty filed a motion to remand to state court for lack of subject matter jurisdiction. (Dkt. No. 19). For the reasons set forth below, this court grants XL Specialty's motion for remand, and orders this case remanded to the Circuit Court of Cook County.

BACKGROUND

In its complaint, XL Specialty alleges that on April 1, 2005 an aircraft insured by XL Specialty was "involved in an accident while being taxied" on a runway owned by Schaumburg at the Schaumburg Regional Airport. (Pl. Cmplt. ¶¶ 1-7). The accident allegedly occurred when the "left main landing gear of the aircraft struck a manhole/utility cover, which projected above a grassy surface immediately adjacent to the intersection of two paved

taxiways." (*Id.* at ¶ 8).

On March 28, 2006, XL Specialty filed a complaint regarding the incident in the Circuit Court of Cook County. In the complaint, XL Specialty alleges that Schaumburg negligently maintained the airport runway and manhole/utility cover, breaching a common law duty of care and a duty of care set forth in the Federal Aviation Act ("FAA") Advisory Circular AC 150/5300-13 (hereinafter "FAA Advisory Circular"). (*Id.* at ¶¶ 10 & 14). Specifically, XL Specialty asserts as one of the ten ways in which Schaumburg was allegedly negligent that Schaumburg "failed to comply with the standards and guidelines set forth by the Federal Aviation Administration, including but not limited to the [FAA Advisory Circular]." (*Id*. at ¶ 14). The FAA Advisory Circular sets forth mandatory guidelines for airports receiving Federal Airport Improvement Funds, such as Schaumburg Regional Airport regarding "airport design, including surface grading requirements for runway shoulders and Runway Safety Areas." (*Id.* at ¶ 10). According to the FAA Advisory Circular, a Runway Safety Area should be able to support airplanes "without causing structural damage to airplanes or injury to their occupants." (*Id*. at ¶ 11). In response to the complaint, Schaumburg removed the case from the Circuit Court of Cook County, and XL Specialty now files the pending motion to remand.

## LEGAL STANDARD

A case may be removed from state to federal court if the case could originally have been brought in federal court, such as a diversity case meeting the jurisdictional threshold or a case "arising under the Constitution, laws, or treaties of the United States." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363, 2366 (2005); *see* 28 U.S.C. §§ 1331, 1332, 1441. Whether a claim arises under federal law is determined by the "well pleaded complaint rule," which requires federal courts to "look only to the well pleaded

complaint and not to any possible or anticipated defenses." *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001) (citing to *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149 (1908)). The burden of establishing federal jurisdiction falls on the party seeking removal, and any doubt regarding jurisdiction should be resolved in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

ANALYSIS

A. Preemption

Only federal question jurisdiction is at issue. XL Specialty contends that the court lacks federal question jurisdiction to hear this lawsuit because XL Specialty's complaint alleges only a state law tort claim of negligence. In response, Schaumburg first argues that federal question jurisdiction exists based on either implied or complete preemption by the FAA of state law standards governing aviation safety, flight operations, and airport design. (Def. Resp. At 4-6). According to Schaumburg, "Congress intended the Federal Aviation Act of 1958 ("FAA") to preempt state standards in the area of aviation safety including airport construction and maintenance." (Def. Resp. at 3). XL Specialty, however, contends that implied preemption is only a defense and is thus not part of the well-pleaded complaint, (Pl.'s Mot. at 3), and that the FAA does not meet the requirements for complete preemption. *Id.* at 5-6.

There are "three ways in which federal law can preempt state and local law: express preemption, conflict (or implied) preemption, and field (or complete) preemption." *Hoagland v. Town of Clear Lake, Indiana*, 415 F.3d 693, 696 (7th Cir. 2005); *see also McMullen v. Medtronic, Inc.,* 421 F.3d 482, 486-87 (7th Cir. 2005). "Express preemption occurs when a federal statute explicitly states that it overrides state or local law." *Hoagland,* 415 F.3d at 696. Neither party argues that the FAA expressly preempts state law, and so the court does not

address that issue. Conflict or implied preemption occurs when a state and federal law conflict, and the state law must necessarily give way to the federal law. *Voorhes*, 272 F.3d at 403. Finally, complete preemption "occurs when federal law so thoroughly occupies a legislative field as to make it reasonable to infer that Congress left no room for the states to act." *Hoagland*, 415 F.3d at 696.

In support of its argument that the FAA preempts state law and confers federal question jurisdiction, Schaumburg cites a number of cases discussing implied or conflict preemption, including *City of Burbank v. Lockheed Air Terminal, Inc.* 411 U.S. 624 (1973); *Abdullah v. American Airlines*, 181 F.3d 363 (3d Cir. 1999) and *Deahl v. Air Wisconsin Airlines Corp.*, No. 03 C 5150, 2003 WL 22843073 (N.D. Ill. Nov. 26, 2003). None of these cases, however, involves jurisdictional issues related to preemption; rather the cases were all before their respective courts on motions for substantive relief, where implied or conflict preemption had been raised as a legal defense to the merits of an asserted claim. For purposes of jurisdiction, courts have long held that implied or conflict preemption is a defense to the merits of a claim, which does not confer federal question jurisdiction. *See, e.g., Vorhees*, 272 F.3d at 403; *see also Jaskolski v. Daniels*, 427 F.3d 456, 459-60 (7th Cir. 2005). "Only 'complete' preemption affects federal subject matter jurisdiction." *Vorhees*, 272 F.3d at 403; *see Snyder-Stulginkis v. United Airlines, Inc.,* No. 01 C 185, 2001 WL 110518 at *2 (N.D. Ill. Sept. 20, 2001). Regardless whether the FAA implicitly preempts state law in the area of aviation safety, such preemption can only be raised as a defense and is insufficient to confer federal question jurisdiction.

Furthermore, Schaumburg cannot establish that Congress intended the FAA to completely preempt the field of state law. In determining whether complete preemption has occurred, the courts have applied a two-prong test. *See, e.g., Snyder-Stulginkis,* 2001 WL

110518 at *3. First, a plaintiff's state law claims must be actually preempted or replaced by federal law, and second, Congress must have intended for the action to be removable to federal court. *See id.* (citing *Metro. Life Ins., Co. v. Taylor*, 481 U.S. 58, 66 (1987)). Complete preemption is an extreme measure which the Supreme Court has only found to exist in the fields of federal labor law and federal pension law, not under the FAA. *Vorhees*, 272 F. 3d at 403. The Supreme Court has never held that the FAA completely preempts state law. *See Deahl*, 2003 WL 22843073 at *2. Moreover, the Seventh Circuit explicitly has held that the FAA does not completely preempt state law. *See Vorhees*, 272 F.3d at 403-04. The court in *Vorhees* held that Congress did not intend to completely preempt state law with federal law in enacting the FAA; instead, Congress only planned with the passage of the FAA to provide a federal defense, insufficient to confer jurisdiction, to the application of state law. *Id.* at 403.

B.   Substantial Question of Federal Law

Schaumburg's second argument, that the interpretation of FAA Advisory Circular cited in the complaint constitutes a substantial question of federal law and confers federal jurisdiction, also fails. According to Schaumburg, the court would have to interpret and apply federal law based on XL Specialty's allegation that Schaumburg alternatively breached a duty of care created by the FAA Advisory Circular.

Federal question jurisdiction may exist where a substantial and disputed question of federal law is a necessary element of a well-pleaded claim and a federal forum may entertain the claim "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at —, 125 S.Ct. at 2367-68. The absence of federal private right of action in the statute is evidence "relevant to, but not dispositive of, the sensitive judgments about congressional intent." *Id.* at 2370 (internal citations and quotations omitted).

For a federal issue to be substantial, the plaintiff's right to relief must "necessarily turn on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). A federal issue raised as an alternative argument for relief is not considered substantial. *Samuel Trading, LLC v. The Diversified Group*, 420 F. Supp. 2d 885, 891 (N.D. Ill. 2006).

In this case, XL Specialty's reliance on the FAA Advisory Circular as an alternate basis to supply a duty of care does not create a substantial federal question that is a necessary element of XL Specialty's negligence claim. First, Schaumburg's alleged failure to comply with standards and guidelines set forth by the FAA, including the FAA Advisory Circular is referenced as one of 10 possible grounds for XL Specialty's single count of negligence. The rest of the actions listed in the complaint involve common law tort allegations. XL Specialty has cited to the FAA Advisory Circular as 1 out of 10 alternative bases for relief on its state law negligence claim, and thus the FAA Advisory Circular fails to provide a sufficiently substantial federal issue. *See Grable*, 545 U.S. at —, 125 S.Ct. at 2367; *Samuel Trading LLC*, 420 F. Supp. 2d at 891. Moreover, that XL Specialty imports a federal standard of negligence as an element to its state tort recovery is insufficient to create a substantial issue of federal law. *See Jenkins v. Bd. of Educ. of the City of Chicago*, No. 03 C 7428, 2004 WL 783355, *2 (N.D. Ill. Jan. 16, 2004). Additionally, Congress did not establish a private cause of action in the FAA, which, although not dispositive, signifies a "missing welcome mat" for exercising federal jurisdiction. *Grable*, 545 U.S. at —, 125 S. Ct. at 2370. The inclusion of the FAA Advisory Circular as one of several alleged duties that Schaumburg breached is an insufficiently substantial federal question and does not confer federal question jurisdiction.

## CONCLUSION

Accordingly, XL Specialty's motion for remand to the Circuit Court of Cook County (Dkt. No. 19) is granted. All other pending motions, including XL Specialty's Motion to Dismiss Counterclaim (Dkt. No. 20), are dismissed as moot. This case is remanded to the Circuit Court of Cook County.

ENTER:

*[signature: James F. Holderman]*
JAMES F. HOLDERMAN
Chief Judge

Date: July 20, 2006